WARD, Judge.
Robert DeLoach sued his employer, Burglary Emergency Alarm Response Service, Inc., and its compensation carrier, Commercial Union Insurance Company, for worker’s compensation benefits. DeLoach appeals the Trial Court judgment sustaining the defendants’ peremptory exceptions. We reverse and remand.
On March 6, 1987, DeLoach submitted a claim to the Office of Worker’s Compensation Administration (OWCA) for compensation benefits after he allegedly was injured at his employer’s business on October 6, 1986. OWCA issued a recommendation to deny benefits because, based on the information submitted, DeLoach’s claim was not work-related. In accordance with La. R.S. 23:1310.1(A), this recommendation was sent to DeLoach by certified mail, return receipt requested, at the address DeLoach gave to OWCA.
DeLoach never claimed the certified letter. On June 2,1987 his attorney wrote to OWCA requesting information on the status of DeLoach’s claim. OWCA responded by issuing a certificate on June 9, 1987 indicating that because no party timely re *198 jected its recommendation, all parties were conclusively presumed to have accepted the recommendation as provided by La. R.S. 23:1310.1(A). The certificate did not indicate a date of receipt of the recommendation for DeLoach as it did for the other parties; instead, the certificate noted that DeLoach’s copy of the recommendation was sent “certified mail returned unclaimed.”
After receiving the certificate, DeLoach filed suit on June 22, 1987. Burglary Emergency Alarm Response Service, Inc. and its compensation carrier urged an exception of prematurity or, alternatively, peremptory exceptions of res judicata, no cause of action and no right of action. The Trial Judge sustained the peremptory exceptions, dismissing DeLoach’s suit with prejudice.
DeLoach argues on appeal that his compensation claim should not have been dismissed because he never received the OWCA recommendation and thus, he could not be conclusively presumed to have accepted it. We agree.
La. R.S. 23:1310.1 provides in part:
A_ Within thirty days after the receipt of the claim, the office shall issue its recommendation for resolution and provide the parties with a copy of the recommendation by certified mail, return receipt requested.... Within thirty days of receipt of the recommendation of the office, each party shall notify the office on a form to be provided by the director of the acceptance or rejection of the recommendation. A party failing to so notify the office shall be conclusively presumed to have accepted the recommendation of the office. Should any party notify the office that it rejects the recommendation, the office shall issue to each party a certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office's recommendation was rejected. Such certificate shall not set forth either the recommendation of the office or the name of the rejecting party or parties.
OWCA concedes DeLoach did not actually receive its recommendation, but argues that it has done all that is required by law, and, as a consequence, when DeLoach did not reject the recommendation within thirty days, he must be presumed to have accepted it. We reject this argument.
Under a literal reading of the statute DeLoach could only be presumed to have accepted the recommendation if he received it. Although under the statute, OWCA’s only duty is to comply with the certified mail notification, simply because OWCA has fulfilled its duty by sending the recommendation by certified mail a presumption is not created that DeLoach has received the recommendation. The presumption created by the statute is applicable only when the recommendation is received.
We do not believe that the legislature ever intended to allow parties to ignore the OWCA recommendation in order to delay its enforcement or to prevent access to the courts. If, as defendants claim, this result follows from our decision in this case, the fault lies in the statute. Any deficiency in the statute is a matter properly addressed by the legislature and not by this Court.
Having determined that DeLoach did not receive the recommendation and cannot be presumed to have accepted it, it is unnecessary for us to review the various peremptory exceptions granted by the Trial Judge because each of the exceptions is premised upon DeLoach’s presumed acceptance of the recommendation.
Nor do we believe it is necessary to remand to OWCA for issuance of another certificate that would indicate DeLoach rejected OWCA’s recommendation. Such action is unnecessary because when DeLoach finally was apprised of the recommendation, he attempted to reject it, but OWCA would not “allow” him to do so because the thirty day period had expired. Requiring OWCA to issue another recommendation and requiring DeLoach to reject it merely to comply with La. R.S. 23:1311(C) would be unwarranted when the evidence before us clearly shows that DeLoach has attempted to reject the OWCA recommendation which denied his compensation claim after he finally received that recommenda *199 tion. In the interests of judicial economy, therefore, we reverse and remand to the Trial Court for trial on DeLoach’s worker’s compensation claim.
REVERSED AND REMANDED.